MAAS v. KRAMER.

(Supreme Court, Appellate Term.   December 11, 1906.)

1. LANDLORD AND TENANT—LEASE—CONSTRUCTION—BREACH—DAMAGES.

Defendant held under a lease from plaintiff, to run from 1904 to 1909. Plaintiff was not the owner, but held under a lease from the owner, expiring in 1906, with an agreement that it might be renewed unless the owner could get more rent. *Held*, that defendant, by entering into competition with plaintiff for the lease of the entire premises from the owner two months before plaintiff's lease expired, and thereby rendering performance of the lease from plaintiff to defendant impossible, was not entitled to damages for plaintiff's failure to perform.

2. SAME—DAMAGES—EVIDENCE—SUFFICIENCY.

In an action for rent, the judgment on a counterclaim for damages for plaintiff's failure to perform cannot stand, where there is no proper evidence of rental value by which such damages can be estimated.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Moses Maas against Leon H. Kramer for rent. From a judgment on a counterclaim, plaintiff appeals. Reversed, and judgment directed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Spiro & Wasservogel, for appellant.
Jacob Rieger, for respondent.

DAVIS, J.   The plaintiff brought the action to recover $190, the rent for March and April, 1906, of a store in Grand street. On the trial credit was given the defendant for $100 deposited by him as security, and there was no dispute as to his obligation to pay the remaining $90.   The defendant set up a counterclaim, and this was the real issue litigated.

The defendant held under a lease from the plaintiff, which by its terms was to run from May 1, 1904, to May 1, 1909. Plaintiff was not the owner, but he held under a lease from the owner, which expired May 1, 1906, unless further renewed. Plaintiff had an arrangement with the owner under which his lease was to be renewed unless the owner could get more rent from somebody else. Some time in February, 1906, which was about two months before the expiration of plaintiff's lease from the owner of the property, the defendant began negotiations with the owner for a lease of the whole building for a term of three years from May 1, 1906. He claims to have been forced to this action by the statement of the owner that he would have

to pay an increased rental after May 1, 1906, and by the fact that plaintiff's control over the premises as lessee did not extend at that time beyond May 1, 1906. By a written instrument signed February 26, 1906, the defendant closed his negotiations with the owner, agreeing to take the whole premises at $6,000 per year for three years. Although the plaintiff was not a party to this arrangement, both the owner and the defendant recognized his claim to have a further lease, and provided in the writing that he should be released from the obligation to secure the defendant in possession of the store beyond May 1, 1906, as called for by his lease to the defendant. The lease of the whole premises to the defendant was not made, but he took a lease of the same store from the owner at an increased rental for three years from May 1, 1906, and he seeks by his counterclaim to hold the plaintiff responsible for this result.

His claim is that the plaintiff failed to carry out the terms of his lease by securing him in possession at the same rental for the three remaining years of the lease. But the defendant's own act rendered impossible plaintiff's performance. The plaintiff had until May 1, 1906, to supplement his own term by a further term of three years; but two months before this date the defendant interfered, and himself made an agreement with the owner to take the whole house, and on March 28, 1906, actually took a three-year lease of the very store leased to him by the plaintiff. His own act of competition for the lease of the whole building is thus made the occasion of his strange claim against the plaintiff. We think he ought not to recover. There could be no breach on the part of the plaintiff until May 1, 1906, and plaintiff's failure was caused directly by the defendant himself in taking the lease of February 27, 1906. Moreover, there was no proper evidence of rental value by which the damages, if any, could be estimated.

The judgment is reversed, with costs to appellant, and judgment directed for the plaintiff for $90, together with costs and disbursements below. All concur.